# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA MORIN, et al., | Case No. ED CV 14-141-GW (SP) |
| Plaintiffs, | |
| v. | **CERTIFICATION AND ORDER TO SHOW CAUSE** |
| COUNTY OF RIVERSIDE, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636(e)(6)(B), the court hereby certifies the following facts to the Honorable George H. Wu, District Judge of the United States District Court for the Central District of California.

This is a civil rights action in which plaintiffs allege that Jesus Morin Pena died as a result of injuries he incurred while incarcerated at the Indio Jail when law enforcement officers physically assaulted and battered him. Robert Cruz is believed to be an eyewitness to the events at the Indio Jail. 9/22/14 Devall Decl. (docket no. 40), ¶ 6.

Plaintiffs' attorney Brandie Devall tried to locate Cruz for over a year until, after she visited a house where she believed Cruz lived and asked for him, Cruz sent her a text message and she subsequently spoke with him by telephone in

August 2014.  *Id.* ¶¶ 2-4.  When they spoke on August 28, 2014, Cruz told her his home address was a specific address in Coachella that he gave to her.  *Id.* ¶ 5.

Devall met with Cruz on September 5, 2014, during which meeting he gave Devall his account of the events in question.  *Id.* ¶ 6.  At that same meeting, Devall personally served Cruz with a subpoena to appear and testify at a deposition on September 12 and 15, 2014.  *Id.* ¶ 6, Ex. A.  Devall also gave Cruz a check for $100 for witness fees.  *Id.*  Cruz cashed the check that same day.  *See id*, Ex. A.

Cruz failed to attend the deposition.  *Id.* ¶ 8.  Although Devall had Cruz's cell phone number and spoke with him on that phone several times in advance of their September 5, 2014 meeting, Cruz has not returned any of her telephone calls or otherwise communicated with her office since September 5, 2014.  *Id.* ¶¶ 7-8.  When defense counsel attempted to serve Cruz with a subpoena at the Coachella address Cruz gave Devall, the residents at that address stated that Cruz had not lived there for three years.  *Id.* ¶ 10.

On October 3, 2014, plaintiffs filed a motion to compel Robert Cruz to comply with a subpoena to testify at a deposition (docket no. 40).  In addition to an order compelling his attendance, plaintiffs asked the court to issue an order to show cause why Cruz should not be held in contempt for his non-appearance.  No opposition to the motion was filed.

In an order issued October 27, 2014 (docket no. 49), the court granted plaintiffs' motion to compel, and ordered Cruz to appear and sit for deposition at a date, time, and place to be stated at a November 18, 2014 hearing on this matter. The court further ordered Cruz to appear before the court, in this magistrate judge's courtroom, on November 18, 2014 at 10:00 a.m., to show cause why he should not be held in contempt of court for failing to comply with the subpoena and appear at his deposition.  The court mailed the order to Cruz at the Coachella address he gave to attorney Devall.  In addition, the court ordered plaintiffs to take certain steps by November 4, 2014 to serve Cruz and give him notice of the order.

Finally, the court explicitly warned Cruz that further failure to appear for deposition as ordered and to appear before this court at the November 18, 2014 hearing may result in his being held in contempt of court and subject him to sanctions, and may result in the issuance of a warrant for his arrest.

Plaintiffs did take the ordered steps to serve and give notice to Cruz, but due to an oversight, those steps were not taken until November 11, 2014.  11/11/14 Devall Decl. (docket no. 53), ¶¶ 2-4.  These steps included sending the October 27 order to Cruz at the address attorney Devall visited in August in an attempt to contact Cruz.  *Id.*, ¶ 4(a).  At the November 18, 2014 hearing, plaintiffs' counsel appeared telephonically but Robert Cruz failed to appear.  Because Cruz may have had only a week's notice of the November 18 hearing, the court determined to give Cruz one more chance to appear at his deposition and show cause why he should not be held in contempt.  The court determined to set his deposition for December 3, 2014, when other depositions were scheduled in this case, and to set a further Order to Show Cause ("OSC") hearing for December 9, 2014.

Accordingly, in an order issued on November 18, 2014 (docket no. 56), the court ordered Cruz to appear and sit for deposition on December 3, 2014 at 3:00 p.m. at a stated location.  The court further ordered Cruz to appear before this court, in the magistrate judge's courtroom, on December 9, 2014 at 10:00 a.m. to show cause why he should not be held in contempt of court for failing to comply with the subpoena and appear at his deposition, but noted that if Cruz sat for his deposition on December 3, 2014 the order to show cause would be discharged. The court again mailed the order to Cruz at the Coachella address he gave to attorney Devall.  In addition, the court again ordered plaintiffs to take certain steps, this time by November 25, 2014, to serve Cruz and give him notice of the order. Finally, the court once more warned Cruz that further failure to appear for deposition as ordered and to appear before this court at the December 9, 2014 hearing may result in his being held in contempt of court and subject him to

sanctions, and may result in the issuance of a warrant for his arrest.

On November 21, 2014, attorney Devall faxed the November 18 order to Cruz at the Best Western in Indio where Cruz was believed to work; however, Devall thereafter received a call from a woman at the Best Western saying no Robert Cruz worked there. 11/18/14 Devall Decl. (docket no. 57), ¶ 2.[1] That same day, Devall sent Cruz a text message, sending it to the cell phone number at which she had reached Cruz by text message in August and September, and advising him it was urgent that he appear for deposition on December 3, 2014 per federal court order or a warrant would issue for his arrest. *Id.*, ¶ 3. He did not respond. *Id.* The next day, Devall mailed a copy of the November 18 order, along with an explanatory letter, to Cruz at the Thermal address she had visited in August in the belief it was his home, which visit ultimately resulted in her contacting Cruz. *Id.*, ¶ 4; *see* 9/22/14 Devall Decl., ¶ 3.

Meanwhile, also on November 22, 2014, Kayla Waymire, a process server working for plaintiffs, contacted Cruz on Facebook and advised him he needed to appear at a deposition in December pursuant to a court order. 11/26/14 Waymire Decl. (docket no. 58), ¶ 5. Although Waymire had previously succeeded in contacting Cruz via Facebook, this time he did not respond. *Id.* The next day Waymire waited for hours outside the Thermal residence Devall had visited in August. *Id.*, ¶ 6; *see* 11/18/14 Devall Decl., ¶ 6. Eventually a young woman walked out of the house, identified herself as Cruz's girlfriend, and stated Cruz had been there but had left 20 minutes earlier. 11/16/14 Waymire Decl., ¶ 7. Waymire continued to wait, and eventually observed someone she recognized from

---

[1] Although this declaration is dated as signed on November 18, 2014, given that it reports events that occurred as late as November 23, 2014, the November 18 date is plainly erroneous. Nonetheless, the court refers to it as the 11/18/14 Devall Decl.

photographs as Cruz looking out of a window.  *Id.*, ¶ 8.  Cruz peeked his head out and told Waymire to "get the f*** out of here."  *Id.*, ¶ 9.  Waymire told Cruz she had important paperwork for him, and left the November 18 order for him at the gate of the house.  *Id.*, ¶ 12; 11/18/14 Devall Decl., ¶ 6(b).

At the second OSC hearing held on December 9, 2014, attorney Devall appeared telephonically and reported that Cruz did not appear for deposition on December 3, 2014.  Cruz did not appear in court or otherwise for the December 9 hearing.

IT IS HEREBY ORDERED based on these facts that **Robert Cruz** appear on **January 22, 2015 at 8:00 a.m.** before the Honorable George H. Wu in Courtroom 10 of the United States Courthouse located at 312 North Spring Street, Los Angeles, CA 90012, to show cause why he should not be adjudged in contempt by reason of the facts so certified.

The court further orders that plaintiffs personally serve Robert Cruz with a copy of this order and file proof of such service by January 12, 2015.

IT IS SO CERTIFIED AND ORDERED.

Dated: December 17, 2014

SHERI PYM
United States Magistrate Judge

5